WO                                                                                      SC

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Allan Howard, | No. CV 10-2388-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

Plaintiff Jeffrey Allan Howard, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265,  2010 WL 4673711 at *3 (9th Cir. Nov. 19, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would

1   undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

2   231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

3   required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

4   failure to state a claim with leave to amend because the Complaint may possibly be saved by

5   amendment.

6   **III.      Complaint**

7          Plaintiff alleges two counts for threat to safety and denial of constitutionally adequate

8   medical care.  Plaintiff sues only the Maricopa County Sheriff's Office (MCSO).  Plaintiff's

9   request for relief is illegible.  (Doc. 1 at 6.)

10  **IV.      Failure to State a Claim**

11         Section 1983 provides a cause of action against persons acting under color of state law

12  who have violated rights guaranteed by the United States Constitution and federal law.  42

13  U.S.C. § 1983; <u>see also</u> <u>Buckley v. City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995).  To

14  state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about

15  which he complains was committed by a person acting under the color of state law and (2)

16  the conduct deprived him of a federal constitutional or statutory right.  <u>Wood v. Ostrander</u>,

17  879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific

18  injury as a result of the conduct of a particular defendant and he must allege an affirmative

19  link between the injury and the conduct of that defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362,

20  371-72, 377 (1976).

21         Further, to state a claim against a defendant, a "plaintiff must allege facts, not simply

22  conclusions, that show that an individual was personally involved in the deprivation of his

23  civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

24  to be liable in his or her official capacity, a plaintiff must allege that the official acted as a

25  result of a policy, practice, or custom.  <u>See</u> <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186,

26  1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a

27  defendant's position as the supervisor of a someone who allegedly violated a plaintiff's

28  constitutional rights does not make him liable.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658,

1    691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

2    individual capacity, "is only liable for constitutional violations of his subordinates if the

3    supervisor participated in or directed the violations, or knew of the violations and failed to

4    act to prevent them." Taylor, 880 F.2d at 1045.

5        **A.    MCSO**

6        Plaintiff sues only the MCSO; however, it is not a proper Defendant.  In Arizona, the

7    responsibility for operating jails and caring for prisoners is placed by law upon the sheriff

8    and the County.  See A.R.S. §§ 11-251(8), 11-291(A), 11-441(A)(5), 31-101.  MCSO is

9    simply an administrative creation of the sheriff to allow him to carry out his statutory duties;

10   it is not a "person" amenable to suit pursuant to § 1983.  Accordingly, MCSO will be

11   dismissed from this action as the Defendant.

12       **B.    Count I**

13       Plaintiff designates Count I as a claim for threat to his safety.  Jail officials are

14   required to take reasonable measures to guarantee the safety of inmates and officials have a

15   duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan,

16   511 U.S. 825, 832-33 (1994).  To state a claim for threats to safety, an inmate must allege

17   facts to support that he was incarcerated under conditions posing a substantial risk of harm

18   and that prison officials were "deliberately indifferent" to those risks. Id.; Redman v. County

19   of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  To adequately allege

20   deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of,

21   but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837.  That is, "the

22   official must both [have been] aware of facts from which the inference could be drawn that

23   a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."

24   Farmer, 511 U.S. at 837; Redman, 942 F.2d at 1442.

25       Plaintiff alleges the following facts in Count I: On July 11, 2010, he argued with a

26   female detention officer in the chow hall.  She told other inmates to "take care of [his] ass."

27   (Doc. 1 at 3.)  Plaintiff was severely beaten as a consequence by several inmates he did not

28   know.  Plaintiff suffered injuries to his face, a broken jaw, a skull fracture that damaged his

1   central and peripheral nervous system, and three broken ribs.  Plaintiff received surgery on

2   July 29 and has since suffered from severe headaches and nerve discomfort.

3          Plaintiff adequately alleges a claim for threat to safety by the female detention officer.

4   However, Plaintiff fails to name that officer as a Defendant, presumably because he does not

5   know her name.  Where the name of an individual defendant is unknown at the time a

6   complaint is filed, a plaintiff may refer to the individual unknown defendant by a fictitious

7   name such as Jane Doe and allege facts to support how the fictitiously-named defendant

8   violated the plaintiff's constitutional rights.  The plaintiff may thereafter use the discovery

9   process to obtain the name of an fictitiously-named defendant whom he believes violated his

10  constitutional rights and seek leave to amend his complaint to name that defendant.

11  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity is unknown

12  prior to the filing of a complaint, a plaintiff should be given an opportunity through discovery

13  to identify the unknown defendant, unless it is clear that discovery would not uncover the

14  identity, or the complaint would be dismissed on other grounds).

15         Plaintiff has not named the detention officer who allegedly instigated the assault as

16  a defendant.  For that reason, Plaintiff fails to state a claim against her, but will be granted

17  leave to amend to name her as a defendant.

18  **C.   Count II**

19         In Count II, Plaintiff appears to be attempting to allege that he was denied

20  constitutionally adequate medical care following the July 11 assault.  Not every claim by a

21  prisoner relating to inadequate medical treatment states a violation of the Eighth or

22  Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the

23  defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439

24  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A

25  plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the

26  condition could result in further significant injury or the unnecessary and wanton infliction

27  of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096

28  (quotations omitted).

JDDL-K

- 5 -

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

Plaintiff alleges the following facts in Count II: Following the assault, Plaintiff was taken to the medical unit, where unnamed staff "stared" at him, gave him an ice pack, and sent him back to a housing unit. Plaintiff was not provided with medication for pain, nor were x-rays made. On July 16, 2010, Plaintiff was transported to Maricopa County Hospital, where he was informed of his injuries and the need for surgery. Following his return to the Jail, Dr. Freedman refused to prescribe pain medication to Plaintiff beyond 30 days telling

1   him that he did not need pain medication longer than that despite Plaintiff's continuing

2   severe pain.

3          As with Count I, Plaintiff fails to name as Defendant(s) the individuals that allegedly

4   acted with deliberate indifference to his serious medical needs.  Further, Plaintiff does not

5   allege facts to support that such individuals knew or should have known that the failure to

6   promptly treat him following the assault or to prescribe him pain medication post-surgery

7   posed a substantial risk of harm.  For both reasons, Plaintiff fails to state a claim in Count

8   II with leave to amend.  If Plaintiff does not know the identities of the individuals involved,

9   he may name each by a fictitious name, such as John Doe 1, John Doe 2, John Doe 3, and so

10   on, and allege facts to support how each particular Doe defendant violated his constitutional

11   rights.   Plaintiff may thereafter use the discovery process to obtain the names of

12   fictitiously-named defendants and seek leave to amend.

13   **V.      Leave to Amend**

14          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

15   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

16   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

17   Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

18   to use the court-approved form, the Court may strike the amended complaint and dismiss this

19   action without further notice to Plaintiff.

20          Plaintiff must clearly designate on the face of the document that it is the "First

21   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

22   entirety on the court-approved form and may not incorporate any part of the original

23   Complaint by reference.  Plaintiff may include only one claim per count.

24          A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

25   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

26   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

27   nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

28

1   complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d

2   565, 567 (9th Cir. 1987).

3   **VI.   Warnings**

4       **A.   Release**

5       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

6   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

7   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

8   in dismissal of this action.

9       **B.   Address Changes**

10      Plaintiff must file and serve a notice of a change of address in accordance with Rule

11  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

12  relief with a notice of change of address.  Failure to comply may result in dismissal of this

13  action.

14      **C.   Copies**

15      Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

16  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

17  to Plaintiff.

18      **D.   Possible "Strike"**

19      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

20  to file an amended complaint correcting the deficiencies identified in this Order, the

21  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

22  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

23  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

24  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

25  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

26  or fails to state a claim upon which relief may be granted, unless the prisoner is under

27  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

28  /     /     /

1    **E.      Possible Dismissal**

2        If Plaintiff fails to timely comply with every provision of this Order, including these

3    warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

4    1260-61 (a district court may dismiss an action for failure to comply with any order of the

5    Court).

6    **IT IS ORDERED:**

7        (1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

8        (2)      As required by the accompanying Order to the appropriate government agency,

9    Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

10        (3)      The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has

11    **30 days** from the date this Order is filed to file a first amended complaint in compliance with

12    this Order.

13        (4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

14    Court must, without further notice, enter a judgment of dismissal of this action with prejudice

15    that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

16        (5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

17    rights complaint by a prisoner.

18        DATED this ___ day of December, 2010.

19

20

21                                    _____
                                      Robert C. Broomfield
22                                    Senior United States District Judge

23

24

25

26

27

28

JDDL-K                                        - 9 -